UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| JPMORGAN CHASE BANK,<br>NATIONAL ASSOCIATION,<br>AS TRUSTEE, | )<br>)<br>)<br>) |  |
|  | ) | No. 3:05-0079 |
| Plaintiff, | ) | JUDGE ECHOLS |
| v. | )<br>)<br>) |  |
| FIFTH THIRD BANK,<br>NATIONAL ASSOCIATION, | )<br>)<br>) |  |
| Defendant. |  |  |

**MEMORANDUM**

Pending before the Court are Plaintiff's Motion to Alter or Amend Judgment (Docket Entry No. 56) and Defendant's Amended Motion to Dissolve Notice of Lis Pendens (Docket Entry No. 59), to which the parties have responded in opposition. Defendant's initial Motion to Dissolve Notice of Lis Pendens (Docket Entry No. 58), will be denied as moot.

**I.  PROCEDURAL HISTORY**

On November 2, 2005, the Court denied the motion for summary judgment filed by Plaintiff JPMorgan Chase Bank, National Association, As Trustee ("Chase") (Docket Entry No. 27), denied Chase's Motion For Order Of Sale Of Property (Docket Entry No. 33), and granted the motion for summary judgment filed by Defendant Fifth Third Bank, National Association ("FNB") (Docket Entry No. 31). The Court dismissed the case with prejudice.

Plaintiff Chase now asks the Court to set aside its prior summary judgment rulings and to enter judgment in Chase's favor or,

1

alternatively, to modify the Judgment in favor of FNB to declare that Chase is subrogated to FNB's rights under the March 2002 Deed of Trust to the extent Chase's assignor, Franklin Mortgage, in April 2002 paid the indebtedness plus interest then owed to FNB. Chase sets forth a number of factual and legal matters it asserts the Court either failed to consider or misunderstood in ruling on the motions for summary judgment. Defendant FNB asserts the Court's prior rulings were correct and should not be set aside.

## II. ANALYSIS

### A. Motion to Alter or Amend the Judgment

Having carefully reviewed the lengthy Memorandum Chase provided in support of its timely Motion to Alter or Amend the Judgment, the Court has not identified any factual or legal matter the Court previously failed to consider or address. In its decision entered on November 2, 2005, the Court thoroughly discussed the factual record presented in light of applicable Tennessee law. The Court did not credit testimony of Jody Eason or Michael Redick, as Chase contends. Rather, the Court considered the factual record presented in light of the legal principles which govern summary judgment motions. In a twenty-nine page Memorandum Opinion, the Court carefully set forth its reasons for concluding as a matter of law under Tennessee statutes that FNB's March 5, 2002 Deed of Trust secured future obligatory advances made for commercial purposes to the borrower, and that FNB's March 2002 Deed of Trust is prior in time and superior to the April 2002 Chase Deed of Trust. Chase has not presented any factual or legal contention

2

which convinces the Court that it should alter or amend its Judgment.

Moreover, there is no reason why the Court should modify its Judgment to state that Chase is subrogated to FNB's rights under the March 2002 Deed of Trust to the extent that Chase's assignor, Franklin Mortgage, in April 2002 paid FNB $125,988.06 to satisfy the indebtedness then secured by FNB's March 2002 Deed of Trust. The subrogation issue was not briefed by the parties prior to entry of Judgment. But more importantly, the $125,000 in principal and the $988.06 in interest that Franklin Mortgage paid to FNB in April 2002 represented the total indebtedness the borrower then owed to FNB on his promissory note secured by the March 2002 Deed of Trust. FNB is entitled to retain this amount in just payment of Redick's debt to FNB, which Franklin Mortgage paid on Redick's behalf. The Court previously explained that Franklin Mortgage did not follow proper closing procedures to obtain a release of FNB's March 2005 Deed of Trust and a first lien position, as it had intended, for making the payment of $125,988.06 to FNB on Redick's behalf. This does not change the fact that FNB was owed the money and Franklin Mortgage paid it. Thus, as assignee of Franklin Mortgage, Chase is not entitled to be subrogated to the amount of $125,988.06.

Further, the record reflects that, as of July 27, 2005, Redick still owed FNB, on the promissory notes secured by the March 5, 2005 Deed of Trust, an additional $57,708.71, which is exclusive of any further interest that has accrued since that date, costs and attorney's fees. Because the Court held FNB's March 2002 Deed of

3

Trust has priority over Chase's April 2002 Deed of Trust, FNB is entitled to obtain full satisfaction of its remaining debt and all other amounts owed to it from the sale proceeds of the mortgaged property before Chase is entitled to receive any of the sale proceeds, in the event a surplus exists. Therefore, Plaintiff's Motion to Alter or Amend the Judgment is hereby DENIED.

**B. Amended Motion to Dissolve Notice of Lis Pendens**

Defendant FNB asks the Court to dissolve the Notice of Lis Pendens Chase recorded against the subject property, 227 Lancelot Lane, Franklin, Tennessee, on the ground that litigation terminated upon entry of this Court's final Judgment on November 2, 2005, and Chase has declined FNB's demand to release the Notice of Lis Pendens. See Tenn. Ann. Code § 20-3-103.[1] FNB does not cite any case authority to support its request.

---

[1] This statute provides:

**20-3-103. Termination of action in which filed. --** (a) Where the suit, abstract of the claimed lien in which has been filed and recorded, shall finally terminate, whether on the merits or otherwise, the court may direct the entry on the lien book in the registry of an order respecting the suit made by it, which order, certified by the clerk, shall be presented to the register, who shall immediately note its date and record it on the lien book at the proper place.

(b) Should no such order be entered by the court, it is the duty of the plaintiff or complainant who filed the notice abstract to cause to be noted of record the fact of termination, or, if the claim be satisfied, the satisfaction thereof, such notation to be attested in writing by the register, or the register's deputy.

Relying on <u>Figlio v. Shelley Ford, Inc.</u>, 1988 WL 63497 (Tenn. Ct. App. 1988) (unpublished), Chase contends this litigation will not "finally terminate" until the Sixth Circuit decides Chase's anticipated appeal. In <u>Figlio</u> a panel of the Tennessee Court of Appeals stated that a prior lawsuit filed by the plaintiff "finally terminated" within the meaning of § 20-3-103 "when the plaintiff did not appeal or move to alter or amend the judgment . . . after the order of dismissal was entered." 1988 WL 63497 at *4. Chase also cites a 1920 case from the Oklahoma Supreme Court observing that the weight of authority in various states favored continuing a notice of lis pendens through the conclusion of an appeal. <u>See</u> <u>Stuart v. Coleman</u>, 78 Okla. 81, 83, 188 P. 1063 (1920). Therefore, Chase contends FNB's motion seeking dissolution of the Notice of Lis Pendens should be denied.

The Court located another Tennessee Court of Appeals case that conflicts with <u>Figlio</u>. In <u>Oliver v. Upton</u>, 1998 WL 151388 at *5 (Tenn. Ct. App. 1998) (unpublished), the panel held that a notice of lis pendens terminated upon entry of the trial court's judgment, even though that very judgment was the subject of the appeal and one of the appeal issues raised was whether the trial court erred in refusing to order the release of the lis pendens. The <u>Oliver</u> panel reasoned that, "[o]nce the trial court entered its final judgment, the purpose of the *lis pendens*, to notify potential purchasers or encumbrancers of the pending litigation, no longer existed." <u>Id.</u> The panel went on to say: "Thus, upon the lawsuit's

5

conclusion by the trial court's entry of the final judgment, the *lis pendens* also terminated."  Id.

The Oliver panel relied extensively on Figlio, but did not mention Figlio's qualification that litigation does not "finally terminate" until after the time for seeking to alter or amend the judgment or to take an appeal has run.  The Court believes Figlio is consistent with the prevalent view among courts that litigation does not become final until appeals have been exhausted or the time for taking such appeals has run.  Therefore, the Court will follow Figlio over Oliver, particularly since FNB has not cited any other applicable case authority to the Court.  FNB's Amended Motion to Dissolve Notice of Lis Pendens will be DENIED.  FNB's request for reasonable attorney's fees and court costs, included in its Amended Motion to Dissolve Notice of Lis Pendens, will also be DENIED.

### III.  CONCLUSION

Plaintiff Chase has not identified any reason why the Court should alter or amend its final Judgment previously entered in favor of FNB.  Therefore, Chase's Motion to Alter or Amend Judgment (Docket Entry No. 56) will be DENIED.  Under the authority of Figlio v. Shelley Ford, Inc., 1988 WL 63497 (Tenn. Ct. App. 1988) (unpublished), FNB's Amended Motion to Dissolve Notice of Lis Pendens will be DENIED.

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE